IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
EFREM A. ROSENFELD, BAR NO.
5110.

No. 69438

**FILED**

MAR 2 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Efrem A. Rosenfeld. Under the agreement, Rosenfeld admitted to over 200 violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.2 (expediting litigation), RPC 3.3 (candor toward the tribunal), RPC 3.4 (fairness to opposing party and counsel), RPC 5.1 (responsibility of partners, managers and supervisory lawyers), RPC 5.3 (responsibility for non-lawyer assistants), RPC 5.5 (unauthorized practice of law), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

The agreement provides for a 5-year suspension beginning retroactively on October 30, 2013, and followed by a 2-year probationary period. The agreement also requires Rosenfeld to pay $171,160.77 in restitution, which is a condition precedent to his submittal of an application for reinstatement. Additionally, the agreement requires that Rosenfeld pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries.

SUPREME COURT
OF
NEVADA

(O) 1947A

16-09489

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated and the aggravating and mitigating circumstances, we conclude that the 5-year suspension followed by a 2-year probationary period and the payment of restitution is sufficient to serve the purpose of attorney discipline. *See In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077-78 (2008) (setting forth factors to be considered); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline).

We hereby impose a 5-year suspension beginning retroactively on October 30, 2013, followed by a 2-year probationary period. Further, Rosenfeld shall pay $171,160.77 in restitution as outlined in the plea agreement and his payment of such restitution is a condition precedent to his submittal of an application for reinstatement. Rosenfeld shall also pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 90 days of receipt of the State Bar's bill of costs. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

 

cc: Chair, Southern Nevada Disciplinary Board
Landis Law Group
State Bar of Nevada/Las Vegas
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Officer, United States Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A